PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DONALD WILLIS, | ) | |
| | ) | CASE NO. 1:17CV1112 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| CLEVELAND METROPOLITAN SCHOOL | ) | |
| DISTRICT, *et al.*, | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Defendants. | ) | **ORDER** [Resolving ECF Nos. 15 and 21] |

Pending is Defendants' Fed. R. Civ. P. 12(c) motion for partial judgment on the

pleadings, seeking dismissal of Count V of Plaintiff's Complaint with prejudice. ECF No. 15.

Plaintiff has responded. (ECF No. 16). Defendants replied (ECF No. 17). For the reasons set

forth below, Defendants' motion is denied.

**I. Background**

Plaintiff Donald Willis, an African American male, filed this action seeking, among other

things, restoration to his former employment position and compensation for damages sustained.

ECF No. 1. The five-count Complaint alleges claims for race discrimination under 42 U.S.C. §

2000e-2 and Ohio Revised Code § 4112.01, *et seq.* (Counts One and Two), wrongful termination

based on racial discrimination (Count Three), retaliation (Count Four), and common law

intentional infliction of emotional distress (Count Five) . *Id.* at PageID#: 9   12, ¶¶ 98   132.

More to the point, Plaintiff alleges that Defendants Cleveland Metropolitan School District

("CMSD") and Christopher Myslenski, principal at a middle school in the CMSD, wrongfully

terminated Plaintiff's employment as an Intervention Specialist/Teacher, in an act of racial discrimination and in retaliation for his reporting Myslenski's discriminatory conduct.  *Id.* at PageID#: 8, ¶¶ 89   92.

In support of his Complaint, Plaintiff alleges that in January 2015 Defendant Myslenski, the principal at Paul Revere Middle School, instructed Plaintiff to use his classroom for "increasingly disruptive students," and did not require similarly-situated Caucasian teachers to use their classrooms for this same purpose.  *Id.* at PageID#: 3, ¶¶ 25   27.  Plaintiff contends that Myslenski made several racially-motivated comments regarding Plaintiff's African-American students and an African-American CMSD staff member.  *Id.* at PageID#: 4, ¶¶ 28   34.  For instance, Plaintiff alleges that during a conversation with Myslenski concerning the need for Plaintiff's students to speak standard English, Myslenski's response was, "that's not important, we shouldn't focus on that.  Maybe they can get a job in the hood."  *Id.* at PageID#: 4, ¶¶ 28   30.  Furthermore, Plaintiff asserts that Myslenski imitated the voice of an African-American student's father in a stereotypical way, and asked an African-American staff member whether he or she had "fried chicken and a forty ounce during the weekend."  *Id.* at PageID#: 4, ¶¶ 32   33.

Finding Myslenski's culturally insensitive remarks troubling, Plaintiff reported him to CMSD.  *Id.* at PageID#: 4, ¶ 35; PageID#: 5, ¶ 42.  CMSD did not issue any disciplinary action against Myslenski.  *Id.* at PageID#: 5, ¶ 45.  Plaintiff alleges that subsequent to his report, Myslenski verbally reprimanded Plaintiff in front of his students, subjected him to strict classroom instructions, and gave him inconsistent teacher evaluation ratings, in contrast to how similarly-situated Caucasian teachers were treated.  *Id.* at PageID#: 5   7.  In April 2015,

(1:17CV1112)

Myslenski informed Plaintiff that "due to his 'ineffective' rating on his evaluation, CMSD was placing him on a Performance Improvement Plan," and would not renew his employment contract. *Id.* at PageID#: 7, ¶¶ 74   75. Plaintiff appealed Defendants' non-renewal determination, but, to no avail, as CMSD denied Plaintiff's appeal and affirmed Myslenski's recommendation to not renew his contract at the end of the 2014   2015 school year. *Id.* at PageID#: 8, ¶¶ 79   80. In June 2015, Plaintiff's employment contract was terminated. *Id.* at PageID#: 8, ¶ 81.

Plaintiff contends that his termination was pretextual for race discrimination and was in retaliation for reporting Myslenski's discriminatory conduct. *Id.* at PageID#: 8, ¶¶ 89   92. Additionally, Plaintiff contends that, because of Defendants' extreme and outrageous conduct, he suffered from emotional distress. *Id.* at PageID#: 9, ¶ 97.

Defendants filed the instant Rule 12(c) Motion for Partial Judgment on the Pleadings, arguing that Plaintiff has failed to state a claim for intentional infliction of emotional distress. ECF No. 15 at PageID#: 115. Plaintiff responded. ECF No. 16. Defendants replied. ECF No. 17.

## II. Standard of Review

Fed. R. Civ. P. 12(c) provides that "[a]fter the pleadings are closed   but early enough not to delay trial   a party may move for judgment on the pleadings." A motion for judgment on the pleadings under Rule 12(c) is reviewed under the same standard applicable to a motion to dismiss under Rule 12(b)(6). *Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 549 (6th Cir. 2008). "To survive a [Rule 12(b)(6)] motion to dismiss, [the complaint] must allege 'enough

facts to state a claim to relief that is plausible on its face.'" *Traverse Bay Area Intermediate Sch. Dist. v. Mich. Dep't of Educ.*, 615 F.3d 622, 627 (6th Cir. 2010) (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). A court may dismiss a claim if its finds on the face of the pleading that "there is an insurmountable bar to relief indicating that the plaintiff does not have a claim[,]" *Ashiegbu v. Purviance*, 76 F. Supp.2d 824, 828 (S.D. Ohio 1998), *aff'd* 194 F.3d 1311 (6th Cir. 1999), *cert. denied*, 529 U.S. 1001 (2000).

"For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true." " *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012) (quoting *Tucker v. Middleburg-Legacy Place, LLC*, 539 F.3d 545, 549 (6th Cir. 2008)). The Court "'must construe the complaint in the light most favorable to [the] plaintiff[.]'" *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010) (quoting *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007)).

### III. Analysis

Defendants move for partial judgment on the pleadings to dismiss Count V of Plaintiff's Complaint. ECF No. 15. Defendants argue that Plaintiff's factual allegations are insufficient as a matter of law to support a cause of action for intentional infliction of emotional distress. *Id.* at PageID#: 115. Specifically, Defendants contend that Plaintiff's Complaint fails to allege facts under Fed. R. Civ. P. 8(a) and the *Twombly* and *Iqbal* pleading standard that describe or rise to the level of "extreme and outrageous" conduct as required to establish an intentional infliction of

emotional distress claim.  *Id.* at PageID#:118.  In opposition, Plaintiff argues that the factual

allegations regarding his intentional infliction of emotional distress claim satisfy the pleading

requirements of Fed. R. Civ. P. 8(a), and that he need not plead his intentional infliction of

emotional distress claim with any further specificity at this stage.  ECF No. 16 at PageID#: 121.

Under Ohio law, a plaintiff alleging an intentional infliction of emotional distress claim

must prove facts showing that: (1) the defendant intended to cause the plaintiff serious emotional

distress; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's conduct

was the proximate cause of the plaintiff's distress; and (4) the plaintiff's emotional distress was

serious and of such a nature that no reasonable person could be expected to endure it.  *Talley v.*

*Family Dollar Stores of Ohio, Inc.*, 542 F.3d 1099, 1110 (6th Cir. 2008) (quoting *Ekunsumi v.*

*Cleveland Restoration, Inc.*, 120 Ohio App. 3d 557, 562  63 (1997)).

Case law urges that, to state successfully a claim for intentional infliction of emotional

distress, Plaintiff must show that Defendants' conduct was "so outrageous in character, and so

extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as

atrocious, and utterly intolerable in a civilized community. "  *Mcintosh v. Greater Cleveland*

*Reg'l Transit Auth.,* 2016 WL 5930284, at *4 (N.D. Ohio Oct. 12, 2016) (citing *Long v. Ford*

*Motor Co.*, 193 F. App'x 497, 503 (6th Cir. 2006) (quoting *Yeager v. Local Union 20,*

*Teamsters, Chauffeurs, Warehousemen & Helpers of Am.*, 453 N.E.2d 666, 671 (1983)*,*

*overruled on other grounds*)).  "[T]o say that Ohio courts narrowly define 'extreme and

outrageous' conduct would be something of an understatement."  *Baab v. AMR Serv. Corp.*, 811

F. Supp. 1246, 1269  (N.D. Ohio 1993) (holding that the plaintiff's receipt of pornographic,

explicit photographs, and sex toys in her locker was not intolerable in a civilized society and therefore not extreme or outrageous).  The Supreme Court of Ohio has described what constitutes extreme and outrageous conduct: "It has not been enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been so characterized 'malice,' or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort." *Flagg v. Staples the Office Superstore E., Inc.*, 138 F. Supp. 3d 908, 920 (N.D. Ohio 2015) (quoting *Yeager v. Local Union 20, Teamsters, Chauffeurs, Warehousemen & Helpers of Am.*, 453 N.E.2d 666 (1983), *overruled on other grounds*).  "Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!'" *Id.*  "As a matter of law, the conduct must be more than mere 'insults, indignities, threats, annoyances, petty aggressions, or other trivialities.'" *Mcintosh*, 2016 WL 5930284, at *4 (quoting *Mason, v. United States Fid. & Guar. Co.*, 69 Ohio App. 3d 309, 317 (Ohio App. 1990)).

Federal courts consistently hold that employment discrimination, without more, is insufficient to support an intentional infliction of emotional distress claim.  *See Godfredson v. Hess & Clark, Inc.*, 173 F.3d 365, 376 (6th Cir. 1999) ("But an employee's termination even if based upon discrimination, does not rise to the level of 'extreme and outrageous conduct' without proof of something more.  If such were not true, then every discrimination claim would simultaneously become a cause of action for the intentional infliction of emotional distress.").  *See also  Cook v. Midwest Indus. Contract Serv., LLC*, 2016 WL 6962626, at *2 (N.D. Ohio

Nov. 29, 2016) (holding that because the plaintiff's allegations did not "describe conduct that a reasonable person could conclude is 'beyond all possible bounds of decency,'" the plaintiff failed to state a claim for intentional infliction of emotional distress); *Culler v. Exal Corp.*, 193 F. Supp. 3d 850, 853 (N.D. Ohio 2016) (dismissing the plaintiff's IIED claim because he failed to provide "factual allegations beyond the account of his [employment] termination to support that the defendants' conduct qualifi[ed] as 'extreme and outrageous' as a matter of law"); *Carter v. PNC Bank, N.A.*, 2015 WL 9258602, at *3 (N.D. Ohio Dec. 17, 2015) (holding that the plaintiff's allegations recite a straightforward claim for wrongful termination, and, therefore, do not allege conduct that rises to the level of "extreme and outrageous" such that liability could attach).

When measured against Ohio's narrow definition of "extreme and outrageous" conduct and the federal court's requirement of more, Plaintiff presents a compelling case. He presents more than just allegations of race discrimination relative to his employment. *See Godfredson v. Hess & Clark, Inc.*, 173 F.3d at 376 (opining that "something more" is required to sustain such a claim in the employment context). Schools are citadels where students' dreams flourish or die. It is extreme and outrageous for an educator, especially the chief educator at a public middle school to behave as alleged. In support of his intentional infliction of emotional distress claim, Plaintiff alleges that Myslenski, the chief educator at a public middle school, made obviously racially provocative and demeaning statements suggesting that African-American students need not speak well to "get a job in the hood"; inquired whether an African-American staff member "had fried chicken and a forty ounce during the weekend"; and sterotypically mimicked the

voice of a parent.  ECF No. 1 at PageID#: 4, ¶¶ 30  33.  When viewed from the light most favorable to Plaintiff, Myslenski's statements are extremely offensive and outrageously so. Given the totality of the circumstances, if substantiated, Plaintiff's allegations may well meet the narrow definition of extreme and outrageous anticipated by Ohio law.  Accordingly, at this stage, the Court finds the Complaint sufficiently pleads a plausible claim for intentional infliction of emotional distress.

### IV.  Conclusion

For the reasons stated above, Defendants' Motion for Partial Judgment on the Pleadings (ECF No. 15) requesting dismissal of Count V, intentional infliction of emotional distress, is denied.

The parties' Joint Motion for Extension of Fact Discovery cutoff, until May 25, 2018, is granted.  ECF No. 21.


IT IS SO ORDERED.


 April 24, 2018                                      /s/ Benita Y. Pearson
Date                                                    Benita Y. Pearson
                                                           United States District Judge